UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WARD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 4:02-CV-1541 (CEJ) |
| DON ROPER, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This habeas corpus matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Audrey G. Fleissig, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On December 15, 2005, Judge Fleissig issued a Report and Recommendation, recommending that the petition of James Ward for writ of habeas corpus under 28 U.S.C. § 2254 be denied. On January 30, 2006, petitioner filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

On May 21, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri found petitioner guilty of first-degree murder, first-degree assault, and two counts of armed criminal action, arising from the shooting death of Patrick Benford on January 7, 1998. Petitioner was sentenced to life imprisonment without the possibility of parole, a concurrent 30-year term of imprisonment,

and two consecutive 15-year terms of imprisonment, respectively. Petitioner's convictions and sentence were affirmed on appeal.

The petition asserts two grounds for relief: (1) the prosecution implied in closing argument that a witness to the crime, who did not testify, named petitioner as involved in the shooting, in violation of petitioner's rights to a fair trial and to confront his accuser, and (2) the prosecutor used a peremptory strike against an African-American venireperson in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Judge Fleissig recommended denying both grounds on the merits.

On the deadline for filing objections to the Report and Recommendation, petitioner filed a 72-page document addressed to the Circuit Court of Washington County, State of Missouri. The pleading is entitled "Petitioner [sic] for Writ of Habeas Corpus Under Rule 91." Rule 91, Mo. S. Ct. R., governs the State's habeas corpus proceedings. In a section entitled, "Points Relied On," petitioner challenges (1) the sufficiency of the evidence under Jackson v. Virginia, 443 U.S. 307 (1979), and (2) the denial by the Circuit Court of the City of St. Louis of his Rule 29.15 postconviction motion without an evidentiary hearing. These "points" bear no relationship to the grounds raised in petitioner's 28 U.S.C. § 2254 petition and will not be considered. However, the Court will review the petitioner's objection which repeats his challenge to the prosecutor's comment during closing argument.

A habeas corpus petitioner must show that the state court adjudication of his claim –

> (1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Two eyewitnesses -- Marrell Withers and Kory Robinson -- testified at trial. Neither one knew petitioner before the shooting. Several days after the shooting, a picture of petitioner was published with an article about the event in The Evening Whirl, a local newspaper. The article was seen by Withers, who later identified petitioner in a line-up. During closing argument, the prosecutor stated that he suspected that defense counsel would argue that Withers identified petitioner because he had seen the photo in The Evening Whirl. The prosecutor then stated, "There is [sic] three eyewitnesses to this. There is Kory who doesn't know his name. There is Marrell who doesn't know his name and there is Little Man." The person referred to as "Little Man" did not testify at trial.

Defense counsel objected to the prosecutor's "inference" that Little Man had identified petitioner to the police and that this was how petitioner's picture appeared in The Evening Whirl. The trial court directed the prosecutor to discontinue the argument, but declined to instruct the jury to disregard the prosecutor's comment, stating that the instruction might highlight the improper comment. At the close of the case, the jury was instructed that

the attorneys' arguments were not evidence. During deliberations, the jury asked whether it could take into consideration the absence of testimony from Little Man. The jury was informed that it must be guided by the instructions.

Petitioner asserts that the prosecutor's reference to Little Man violated his rights to confront witnesses against him. The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause serves to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in an adversarial proceeding. Maryland v. Craig, 497 U.S. 836, 845 (1990). In Crawford v. Washington, 541 U.S. 36, 53-54 (2004), the United States Supreme Court held that the Confrontation Clause bars admission of out-of-court testimonial statements unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. The statement at issue in this case – "and there is Little Man" - was made by the prosecutor in closing argument. As the jury was instructed, the statement was not evidence and did not implicate the Confrontation Clause.

To the extent that petitioner raises a due process challenge to the prosecutor's comment, that claim similarly fails. The question to be answered is whether the prosecutor's comment "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477

U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "Under this standard, a petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety, the verdict probably would have been different." Kellogg v. Skon, 176 F.3d 447, 451 (8th Cir. 1999). As Judge Fleissig determined, witnesses Kory Robinson and Marrell Withers identified petitioner at trial. Petitioner protests that there was reason to doubt the accuracy of their identifications: Robinson had told the police that he had "bad" vision and Withers has said there was very little light during the incident. Defense counsel cross-examined the witnesses on these issues, however, and the jury was fully informed of the circumstances of the identifications. The Court concludes that petitioner has not established that "absent the alleged impropriety, the verdict probably would have been different."

Following *de novo* review, the Court concludes that petitioner has failed to establish that the state courts' rulings on his claims were contrary to, or an unreasonable application of, clearly established federal law, or that those rulings were based upon an unreasonable determination of the facts in light of the evidence presented in State court proceedings. 28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Audrey G. Fleissig [#13] is sustained, adopted, and incorporated herein.

-5-

**IT IS FURTHER ORDERED** that the petition of James Ward for a writ of habeas corpus [#4] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability.  See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2006.